IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CT-3012-BO

JAMES ANTHONY MAY,                    )
            Plaintiff,                )
                                      )
            v.                        )            O R D E R
                                      )
INVESTIGATOR VANLANDINGHAM, et al.,   )
            Defendants.               )


On January 27, 2010, plaintiff, a state inmate, filed this civil rights action under 42 U.S.C.

§ 1983. The complaint was signed by plaintiff on July 30, 2009. The events at issue occurred on

January 11, 2005. (Comp., Statement of Claim). Defendants assert the statute of limitations and

res judicata as defenses to the action in defendants' motion to dismiss (D.E. # 16). Plaintiff

acknowledges that the period of time is outside the period of limitations, but argues tolling while

another federal § 1983 was pending before the Honorable James C. Dever III. (D.E. # 20). It is

that case, May v. Vanlandingham, No. 5:06-CT-3124-D (E.D.N.C. June 3, 2008, affirmed by the

4th Cir. Sept. 24, 2008), which is the case upon which res judicata is based.

    The civil rights statute, 42 U.S.C. § 1983, has no federal statute of limitations. Wallace v.

Kato, 549 U.S. 384, 387 (2007). The appropriate statute of limitations is the state statute

governing personal injury. Id.; Wilson v. Garcia, 471 U.S. 261 (1985). North Carolina applies a

three-year statute of limitations in personal injury actions not otherwise covered by another

limitation. N.C. Gen. Stat. § 1-52(5). While the statute of limitations period is based on state

law, the court looks to federal law to determine when the action accrues. Wallace, 549 U.S. at

388. A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996).

Plaintiff filed this complaint of January 27, 2010. Regardless of the date and without considering the delay between the signature in July 2009 and the filing of the complaint, the matter is untimely as the event occurred on January 11, 2005. The matter is dismissed as outside the statute of limitations. Given the court's ruling, the affirmative defense of res judicata need not also be considered. Furthermore, for a § 1983 action, the issue of equitable tolling, like the underlying statute of limitations, is determined by reference to state law. See Hardin v. Straub, 490 U.S. 536, 539 (1989). Another pending suit within the federal district court, did not act to toll the filing of a subsequent action and plaintiff raises no other defect or defense to properly toll the statute. See, e.g., N.C. Gen. Stat. § 1-17.

Defendants' complaint is untimely and the motion to dismiss is ALLOWED (D.E. # 16) on that ground. Having so determined, all other pending motions are DENIED as MOOT.

SO ORDERED, this 8 day of June 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE